*Francisco,* same, Vol. 3. No. 3, p. 13, (May, 1898).

This ordinance is unconstiutional for the reasons that no general or specific power has been granted the council of the city of Cleveland to pass such an ordinance; and the council has transcended its power in so doing, and has infringed thereby, the constitutional right of the citizen to use his property for his own benefit, and to carry on his business for the gaining of a livelihcod.

---

(Hamilton Co., O., Common Pleas, 1901.)
IN RE ESTATE OF CAVAGNA, DEC'D.

---

The real estate of a deceased person for the purpose of paying his debts becomes assets in the hands of the administrator, and where real property was sold by order of the probate court to pay the debts of the deceased, and had passed into the possession of the purchasers, it remains liable for and may be subjected to the payment of debts of the deceased which had been previously duly allowed by the executor but overlooked in the settlement of the estate and remained unpaid.

---

In settling up the estate of B. Cavagna sixteen years ago the debts of B. Cavagna & Son were by a provision of the will paid from the assets of the estate. Among the claims presented and allowed by Peter Cavagna, executor, was one of $2,000 held by Lena Gourjon. When the realty of B. Cavagna was sold in partition, a certificate was obtained from the probate court setting forth that $10,000 would be needed from the proceeds of the realty to pay the remaining indebtedness of the estate. By some mischance the claim of Lena Gourjon for $2,000, and two other claims aggregating $1,034.70, were not included in the certificate from the probate court and have never been paid. The lot upon which the Dakota building, at Fifth and Sycamore, now stands and the lot at Sixth and Walnut upon which the Times-Star building now stands, were purchased at partition sale by Ella Cavagna and by subsequent transfers passed to James M. Glenn and David Sinton respectively. In the suit at bar by Charles H. Jones, the present administrator *de bonis non* with the will annexed of B. Cavagna, it is sought to subject these properties to the payment of the above claims still outstanding against the estate. The exact prayer of the petition is "that the court may order a sale of so much of the lands aforesaid as may be necessary to pay the claims of the said Lena Gourjon and others above set forth, together with the expenses of the administration of said estate." Mr. Glenn and Mr. Sinton, as the present owners of the properties, were made the principal defendants.

On demurrer to the amended petition, S. W. Smith, J:

In the above case, upon examination of the statutes relating to partition and administration of estates and the authorities cited, the court is of the opinion that the demurrers filed to the amended petition should be overruled.

When an executor or administrator is appointed, the personal estate, as well as the real estate of the decedent so far as may be necessary to pay *any debt,* become *assets* in the hands of such executor and administrator, and it is the duty of the personal representative to *so* subject these assets.

In the case at bar the claim of Lena Gourjon was duly presented to and allowed by the personal representative as a valid claim against the estate of B. Cavagna, and the debtor thus had a right to rely upon its payment or subjection of the assets of the estate for this purpose as far as such assets would go.

It is no doubt with this in view that section 6174 provides 'that nothing herein contained shall be so construed as to prohibit any executor or administrator from proceeding to sell land belonging to such estate to pay any debts, *when the same has been sold on partition or, otherwise,'* evidently meaning that for the payment of valid debts of an estate the property would be liable until such debts are fully paid or proportionately so.

The court would call attention to the case of *Ambrose, Admr.* v. *Byne, Admr.,* 61 Ohio St., 146, and the opinion of the court therein.

As suggested, the heirs of B. Cavagna being in court, they could be held for the money received by the defendants, James M. Glenn and David Sinton.

The demurrers, therefore may be overruled.

*Herbert Jenney* and *Herron, Gatch & Herron,* for demurrer.

*John C. Healy* and *Charles H. Jones,* contra.

---

(Superior Court of Cincinnati.)
Special Term, 1901.
THE WALNUT HILLS SAVINGS & LOAN CO. v. J. W. HALEY, et al.

---

(1) A presumption of fact arises when an attorney is employed that he is to receive for his services such an amount as under all circumstances they are reasonably worth.

(2.) To rebut such presumption, if the client asserts that some special agreement was made either by way of a fixed sum or by way of a contingent fee in case of success, the burden is on the client to sustain such contention.

(3) While there may be fixed standards by

which to determine the value of legal services, such standards are made up of numerous elements, which vary in number, importance and proportion in each case.

---

SMITH, J.

This case is before me at the present time on the cross-petition of D. Thew Wright, Jr., to foreclose a mortgage upon the property of Marguerite C. Haley, given by her to secure fees for services as her counsel.

The hearing of the case has occupied over a week, and as the questions involved are questions of fact and not of law, I do not think it would be in any way instructive to enter upon a review of the testimony with the purpose in view of pointing out the effect upon my mind of the conflicting testimony in the case. Such a review would be of no value as establishing any legal principle, and it would not convince in all probability the party against whom I should decide any controverted question of fact.

It seems to me that a presumption of fact arises when an attorney is employed that he is to receive for his services such an amount as under all circumstances they are reasonably worth. If the client asserts that some special agreement was made either by way of a fixed sum or by way of a contingent fee in case of success, the burden is on the client to sustain such contention. The evidence in the case has failed to satisfy me that such special agreement was made.

The evidence, too, has failed to satisfy me that any undue influence was used in securing the mortgage. I think the evidence establishes the fact that the mortgage was voluntarily given.

In determining the value of the services rendered by the cross-petitioner, I have experienced the difficulties which always arise when the question of the value of legal services is in dispute; because, while it may not be an accurate statement to say there are no fixed standards by which to determine such value, yet it is true that those standards are made up of numerous elements, which vary in number, importance and proportion in each case.

Considering the results accomplished, the amounts involved, the legal questions at issue, the labor imposed and the fact that Mrs. Haley might never be able to pay for the services unless they had a successful issue, I have reached the conclusion that the following charges would be reasonable.

For action in Common Pleas Court sustaining transfer under ante- nuptial agreement.................... $1,000.00
For motion to dismiss appeal in Circuit Court....................... 150.00
For Covington Cases................ 100.00
For magistrates' cases............. 75.00
For bankruptcy proceedings........ 150.00
For receivership matters........... 75.00

$1,550.00

Upon this amount will be credited whatever was received by counsel."

*Rogers Wright,* for Plaintiff.
*J. B. Kelley,* for Defendant.

---

(Ashland Co., O., Common Pleas, 1900.)
BOARD OF EDUCATION (Ashland Township) v. BOARD OF EDUCATION (Montgomery Township).

The word "may" as used in the Boxwell law before the amendment of that law by the legislature of 1900, has not the force of "shall," and therefore that law was then not mandatory.

---

CAMPBELL, J.

This action was commenced before a justice of the peace by plaintiff to recover of defendant $14.40 for tuition of one Frank M. Bailey, under the provisions of what is known as the "Boxwell law," and came into this court court by appeal.

The plaintiff states in the petition that it admitted said Bailey to the Ashland schools, he being a resident of Montgomery township, outside of Ashland village district; that said Bailey, prior to his admission to said village district, had been examined by the county board of school examiners, a certificate had been granted him, as provided by law, and on presentation of said certificate, he was admitted to the Ashland village schools and attended said schools from September, 1898, until the close of the school year in 1899, and that under the laws of Ohio the defendant board is liable for such tuition.

The defendant admits, substantially, all the statements of the petition to be correct, but denies its liability under the law. The plaintiff's right to recover depends on the construction to be given the law in question.

The law as originally passed provided for holding examinations of pupils of sub-districts and special districts, by the county board of school examiners in certain branchs twice a year, and a certificate granting to any such pupil enabled him to enter any high school in the county.